Lauren I. Scholnick (Bar No. 7776)
Erika Birch (Bar No. 10044)
**STRINDBERG & SCHOLNICK, LLC**
785 North 400 West
Salt Lake City, UT 84103
Telephone:  (801) 359-4169
Attorneys for Plaintiff
erikaecf@xmission.com

---

### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| | |
|---|---|
| DEAN MARTINEZ,<br><br>       Plaintiff,<br><br>vs.<br><br>CITY OF OGDEN, MARK JOHNSON, in his official and individual capacities, JOHN PATTERSON, in his official and individual capacities, GARY WILLIAMS, in his official and individual capacities, and MATTHEW GODFREY, in his official and individual capacities.<br><br>       Defendants. | **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Case Number: 1:08CV00087 TC-DN<br><br>Judge Tena Campbell<br>Magistrate Judge David Nuffer |

This case involves claims brought by Ogden City's former Human Resources manager, Plaintiff Dean Martinez, and based, in part, upon Mr. Martinez's allegations that Ogden City failed to remedy and appropriately respond to multiple and ongoing reports of sexual harassment and misconduct by former manager, Scott Brown.  Further, Mr. Martinez alleges that he was terminated in retaliation for attempting to have the City take appropriate remedial action against Mr. Brown.  Not surprisingly, these allegations garnered media attention.  The fact that this case involves a city government and includes allegations that the top public officials failed to appropriately handle Mr. Brown's ongoing indiscretions is a matter of public concern.

Plaintiff is amenable to having a protective order in place which will allow the parties to designate, in good faith, any documents which legitimately contain information so sensitive that it warrants special protection from public disclosure.  Typically, this information includes commercially sensitive information, proprietary information, confidential financial information, or personal health information.  In this case, Plaintiff also recognizes that there may be other sensitive information, such as copies of the pornography found on Mr. Brown's computer that may be entitled to the same special protection.  However, this is a case against a local government and its public officials and is, therefore, inherently of interest to the public.  It is a case that involves allegations that the City did not adequately respond to or remedy a long pattern of sexual harassment created by one of its managers and an attempts to sweep such indiscretions under the rug.  Thus, even more so than the usual public case between private parties, the governmental Defendants, here, should not be able to shield themselves behind an overly broad and restrictive protective order.  With this in mind, Plaintiff proposed a protective order (similar to one entered in another federal case 2:06CV50 BSJ), which strikes an appropriate balance between keeping public cases public and truly sensitive, confidential information private.

Plaintiff has two primary objections to Defendants' proposed order.  First, it is simply overly broad in that it provides that <u>all information and documents produced</u> are considered "Confidential Information," regardless of the content or nature of the information and documents.  This is simply unnecessary, and as such Defendants cannot meet their burden to demonstrate good cause to support such a protective order that should only be entered to protect against "annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Federal Rule Civil Procedure 26(c).

Second, Defendants' proposed order is unduly restrictive in that it allows the parties to designate information, including information "related to personnel files or records," which is potentially an extremely broad category as "Highly Confidential." In turn, "Highly Confidential" information cannot be shown to the clients. For example, when Defendants produce the personnel files of Scott Brown (the alleged harasser) and other city managers, Defendants could, and likely would, designate them as "Highly Confidential." This would prevent Plaintiff's counsel from being able to show these documents to Mr. Martinez and thus severely impede his input to counsel in prosecuting his case. This result is nonsensical.

Instead, any legitimately sensitive and private information (such as personal medical information, social security numbers, human resource complaints not at issue in the case, etc.), could be simply designated as "confidential" under Plaintiff's proposed order thereby preventing its disclosure to the public and outside the context of the litigation. This should however, be a narrow category of documents. Just because Defendants may not appreciate the media attention they received as a result of terminating Mr. Martinez and his filing of this lawsuit does not mean that a public governmental entity and its public officials should be shielded from public scrutiny.

Given the above, Plaintiff respectfully requests that the Court deny Defendants' request to enter its Proposed Protective Order, and instead, enter the Proposed Protective Order attached as Exhibit 1, hereto.

DATED this 8th day of December, 2008

**STRINDBERG SCHOLNICK, LLC**

/s/ Erika Birch
Attorneys for Plaintiff