Lauren I. Scholnick (Bar No. 7776)
Erika Birch (Bar No. 10044)
**STRINDBERG & SCHOLNICK, LLC**
785 North 400 West
Salt Lake City, UT 84103
Telephone:  (801) 359-4169
Attorneys for Plaintiff
erikaecf@xmission.com

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DEAN MARTINEZ,<br><br>     Plaintiff,<br><br>vs.<br><br>CITY OF OGDEN, MARK JOHNSON, in his official and individual capacities, JOHN PATTERSON, in his official and individual capacities, GARY WILLIAMS, in his official and individual capacities, and MATTHEW GODFREY, in his official and individual capacities.<br><br>     Defendants. | **PLAINTIFF'S PROPOSED PROTECTIVE ORDER**<br><br><br>Case Number: 1:08CV00087 TC-DN<br><br>Judge Tena Campbell<br>Magistrate Judge David Nuffer |

The parties to this action have determined that certain information to be filed with the Court or produced during discovery by the parties to this action is Confidential (as defined below), the unauthorized disclosure of which would be detrimental to the legitimate commercial or privacy interests of the parties.  Accordingly, based upon the stipulation of the parties, upon consideration of the record and pursuant to the provisions of Federal Rule of Civil Procedure 26(c):

**IT IS HEREBY ORDERED**  as follows:

1.     When used in this Order, the word "document" includes, but is not limited to: documents produced by any party or nonparty in this action whether pursuant to the Federal Rules of Civil Procedure, subpoena, or by agreement; responses to requests for admissions, requests for production, and/or interrogatories; deposition transcripts and exhibits; and any portions of any court papers which quote from or summarize any of the foregoing.

2.     All documents or testimony designated as confidential in accordance with this order shall be used solely for the prosecution and/or defense of this action and for no other purpose.

3.     Any party or nonparty producing documents which contain or disclose commercially sensitive information, proprietary information, financial information, personal health information, or highly sensitive personnel information may designate such documents as confidential.  The party or nonparty producing agreed-upon "CONFIDENTIAL" documents shall stamp such documents with the notice "CONFIDENTIAL."

4.     Any party or nonparty giving testimony in this action may designate as "CONFIDENTIAL" that portion of the testimony containing or disclosing commercially sensitive information, proprietary information, financial information, or personal health information by advising the reporter of such confidentiality.  The reporter shall separately transcribe those portions of the testimony so designated and shall mark the face of the transcript as "CONFIDENTIAL" as the designating person may direct.  Each party or nonparty shall have twenty (20) days after receipt of the transcript of any deposition (as certified by the Court Reporter) within which to notify the other party in writing of the portions of the transcript that it wishes to designate as Confidential Information.  Prior to the expiration of such twenty (20) day

period, all information disclosed during a deposition shall be treated as though designated confidential, unless otherwise agreed by the parties and the witness, or ordered by the Court.

5.      Confidential documents or testimony may be referred to in pleadings, motions and briefs, and may be used in depositions and marked as deposition exhibits in this action. However, no such document or testimony shall be used for any of these purposes unless it, and that portion of the court paper in which the confidential information is revealed, is appropriately marked confidential and filed under seal with the Clerk of the Court pursuant to DUCivR 5-2.  If a court pleading refers to a Confidential document but does not reveal the content of the Confidential document the pleading need not be filed under seal (although the Confidential document, if attached, shall be file under seal).

6.      Except as set forth above, or with the prior written consent of the party or nonparty asserting confidential treatment, no document or testimony designated as "CONFIDENTIAL" and no information contained in it or obtained from it may be disclosed to any person other than:

a.      The Court, its staff, and court reporters;

b.      Counsel for the parties in this action and their staff;

c.      Independent experts retained by counsel for the parties to assist them in litigation;

d.      Potential witnesses; and

e.      The parties in this action.

7.      Any independent expert or potential witness to whom any document or testimony designated as confidential is disclosed must agree to be bound by the terms of this Protective

Order and to be subject to the jurisdiction of this Court for contempt and any other appropriate proceedings in the event of an alleged or actual violation of this Order.  Each such person to whom confidential testimony or documents is disclosed must sign a document stating that he or she has read this Order and agrees to comply with its terms and to be subject to the jurisdiction of this Court for any proceedings involving alleged improper use or disclosure of the confidential information (*see* Exhibit 1 – Confidentiality Acknowledgement).

8.    This Order shall not prevent the disclosure of documents to the persons who were the authors or addressees of the documents or are shown as having received copies of them.

9.    Documents produced by parties or nonparties (*i.e.*, materials produced from personal or business files, not deposition transcripts, court papers and so on) which are designated confidential and all copies of them (other than exhibits of record) shall be destroyed or returned to the party producing such documents when the action is concluded.

10.    The restrictions and obligations relating to documents or testimony designated as confidential in accordance with this Order shall not apply to any document or information which all parties agree in writing or which this Court rules was publicly known at the time it was produced to the receiving party or which has since become publicly known through no fault of the receiving party.

11.    If a party or nonparty, through inadvertence, produces any confidential document without labeling or marking or otherwise designating it as such in accordance with the provisions of this Protective Order, the designating party may give written notice within 30 days of discovery to the receiving party that the document is deemed confidential and should be treated as such in accordance with the provisions of this Protection Order.  The receiving party must

4

treat such document as confidential from the date such notice is received.  Disclosure, prior to the receipt of such notice, of a confidential document to persons not authorized to receive it shall not be deemed a violation of this Protective Order; provided, however, that the party making such disclosure shall notify the designating party in writing of all such unauthorized persons to whom such disclosure was made and shall use best efforts to secure the return of all such confidential documents.  The inadvertent disclosure of a confidential document by a producing party without designation at the time of disclosure shall not be treated as a waiver of the confidentiality of the subject matter.

12.     Nothing contained in this Stipulated Protective Order shall be construed to require production of a confidential document or testimony that is privileged or otherwise protected from discovery.  If a party, through inadvertence, produces a document that it believes is immune from discovery pursuant to the attorney-client privilege and/or the work product privilege, such production shall not be deemed a waiver of any privilege, and the producing party may give written notice to the receiving party that the document or information produced is deemed privileged and that return of the document or information is requested.  Upon receipt of such written notice, the receiving party shall immediately gather the original and all copies of the document or information of which the receiving party is aware and shall immediately return the original and all such copies to the producing party.  The return of the document(s) and/or information to the producing party shall not preclude the receiving party from later moving the Court to compel production of the returned documents and/or information.

13.     Nothing in this Order shall prevent any party or nonparty to this action from seeking modification of this Order or from objecting that a document or testimony has been

inappropriately classified as confidential.  In addition, nothing in this Order shall prevent a party

from objecting to discovery which it believes to be otherwise improper.  All parties and

nonparties shall endeavor in good faith to resolve any dispute over the designation of documents

as confidential on an informal basis before presenting the matter to the Court for resolution.  In

any motion brought to challenge or sustain a designation as confidential, the burden of

establishing confidentiality shall be on the designating party.

DATED this _____ day of _____, _____


_____
Honorable David Nuffer
U.S. Magistrate Judge


IT IS SO STIPULATED:


_____        _____
Stan Preston                            Erika Birch
Attorney for Defendants                 Attorney for Plaintiff
Dated: _____         Dated: _____

6

EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| DEAN MARTINEZ,<br><br>     Plaintiff,<br><br>vs.<br><br>CITY OF OGDEN, MARK JOHNSON, in his official and individual capacities, JOHN PATTERSON, in his official and individual capacities, GARY WILLIAMS, in his official and individual capacities, and MATTHEW GODFREY, in his official and individual capacities.<br><br>     Defendants. | **CONFIDENTIALITY ACKNOWLEDGMENT**<br><br>Case Number: 1:08CV00087 TC-DN<br><br>Judge Tena Campbell<br>Magistrate Judge David Nuffer |

I, _____ (print or type name), hereby acknowledge and agree that I have received a copy of the Stipulated Protective Order entered on _____, 2008, in connection with the captioned case, which is attached hereto, that I have read it and understand its contents, that I agree to be bound by all of the applicable provisions thereof, and that upon the final termination of the case, I agree to return to the producing party all Confidential Information, or copies thereof, disclosed or provided to me.

I further understand that I am subject to the jurisdiction of this Court for any proceedings involving my alleged improper use or disclosure of the confidential information.

Signature: _____

Print/Type Name: _____

Firm/Company/Organization: _____

Date: _____

7