# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| DEAN MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF OGDEN, MARK JOHNSON, in his official and individual capacities, JOHN PATTERSON, in his official and individual capacities, GARY WILLIAMS, in his official and individual capacities, and MATTHEW GODFREY, in his official and individual capacities,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR PROTECTIVE ORDER**<br><br>Case Number: 1:08CV00087 TC-DN<br><br><br>Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

This order resolves a motion for entry of a protective order.[1] The parties agree an order is appropriate, but disagree on provisions.

## Case Background

Dean Martinez was employed by Defendant Ogden City as the Human Resource Manager until he was terminated in December 2006.[2] Martinez claims his termination was wrongful and that he was defamed by defendants Patterson, Williams, and Godfrey.[3]

Ogden City maintains that its termination of Martinez's employment was based in part on Martinez's removal of highly confidential and sensitive personnel documents from the premises of Ogden City, taking the documents to his home, sharing and discussing the documents with his

---

[1] Defendants' Motion for Protective Order (Motion), docket no. 8, filed Nov. 25, 2008.

[2] Memorandum in Support of Defendants' Motion for Protective Order (Supporting Memorandum) at ii, docket no. 9, filed Nov. 25, 2008.

[3] *Id.* at ii.

attorneys and the media, and retaining copies of the documents for his own personal use.[4] Martinez's removal and usage of these documents allegedly violated Ogden City policy and applicable law.[5] Ogden City further maintains that the information Martinez improperly handled includes internal investigative proceedings and personal and private email communications that could be extremely harmful, damaging, and embarrassing if disclosed to third parties or the general public.[6]

## Issues on this Motion

Ogden City seeks a protective order for documents produced in discovery. The order proposed by Ogden City "provides that all information and documents produced in the litigation are considered 'Confidential Information' and can 'be used only for purposes of this litigation . . . .'"[7] A producing party may designate information or documents as "Non- Confidential Information" in which case there is no restriction on its use.[8] A party may also designate "Highly Confidential Information" which is extraordinarily sensitive and may be accessed by counsel and support staff only, but not parties.[9] Ogden City argues that such a protective order is necessary because Martinez cannot be trusted to properly handle confidential documents.[10]

Martinez acknowledges that a protective order is appropriate but disagrees with Ogden City on two points: 1) Ogden City desires default protection for every document and 2) Ogden City desires to classify some documents for attorney's eyes only.[11] Martinez argues that (1) there should be a rebuttable presumption in favor of public disclosure because the instant case

---

[4] *Id.*

[5] *Id.*

[6] Supporting Memorandum at 2.

[7] *Id.* at 3. Defendants' Proposed Protective Order ¶¶ 1, 3, and 5 attached as Exhibit A to Motion.

[8] Defendants' Proposed Protective Order ¶¶ 1, 7.

[9] *Id.* ¶ 6.

[10] Supporting Memorandum at 2-4.

[11] Plaintiff's Response to Defendants' Motion for Protective Order (Opposition Memorandum) at 2-3, docket no. 13, filed Dec. 8, 2008.

involves the actions of public officials, whose actions should be more open to public scrutiny[12] and (2) the attorney's-eyes-only classification could severely impede Martinez's ability to direct his own litigation.[13]

## Discussion

"Parties to litigation have a constitutionally protected right to disseminate information obtained by them through the discovery process absent a valid protective order."[14]  Therefore, absent a protective order, Martinez and Ogden City both have a First Amendment right to disseminate information received through discovery.

However, a court may restrict dissemination of information without violating the First Amendment if the restriction "'[furthers] an important or substantial governmental interest unrelated to the suppression of expression' and [if]'the limitation of First Amendment freedoms [is] no greater than is necessary or essential to the protection of the particular governmental interest involved.'"[15]  Fed. R. Civ. P. 26(c) furthers a substantial governmental interest:[16] "preventing . . . abuse[s] of [government] processes" such as the "opportunity . . . for litigants to obtain—incidentally or purposefully—information that . . . if publicly released could be damaging to reputation and privacy."[17]  While a protective order must be no greater than necessary to pass First Amendment scrutiny, Fed. R. Civ. P. 26(c) confers broad discretion on the trial court to decide when a protective order is necessary and what degree of protection is required."[18]  There are limitations on the trial court's discretion:  the "protective order [must be]

---

[12] *Id.* at 2.

[13] *Id.* at 3

[14] *Oklahoma Hospital Ass'n v. Oklahoma Publishing Co.*, 748 F.2d 1421, 1424 (10th Cir. 1984) (*citing Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)).

[15] *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 32 (1984) (quoting *Procunier v. Martinez*, 416 U.S. 396, 413 (1974)).

[16] *Id* at 34.

[17] *Id.* at 35.

[18] *Id.* at 36.

entered on a showing of good cause as required by Rule 26(c), [must be] limited to the context of pretrial civil discovery, and [shall] not restrict the dissemination of the information if gained from other sources."[19]

### I. A DESIGNATING PARTY MUST SHOW "GOOD CAUSE" FOR EACH DOCUMENT TO BE PROTECTED

Generally, the party seeking protection must show "good cause" for each document. "The party seeking a protective order has the burden to demonstrate good cause."[20] The Third Circuit has stated that protection must be justified by the party seeking it, on a document-by-document basis, and that the general procedure requires the designating party to make the designations individually, in good faith:

> [T]he burden of justifying the confidentiality of each and every document sought to be covered by a protective order remains on the party seeking the protective order; any other conclusion would turn Rule 26(c) on its head. That does not mean, however, that the party seeking the protective order must necessarily demonstrate to the court in the first instance on a document-by-document basis that each item should be protected. It is equally consistent with the proper allocation of evidentiary burdens for the court to construct a broad "umbrella" protective order upon a threshold showing by one party (the movant) of good cause. Under this approach, the umbrella order would initially protect all documents that the producing party designated in good faith as confidential. After the documents delivered under this umbrella order, the opposing party could indicate precisely which documents it believed to be not confidential, and the movant would have the burden of proof in justifying the protective order with respect to those documents. The burden of proof would be at all times on the movant; only the burden of raising the issue with respect to certain documents would shift to the other party.[21]

Ogden City has not presented any authority justifying an order restricting all documents. Defendants' proposed order inverts the usual process to impose protection on all documents unless specifically designated as non-confidential. The opportunity to designate and protect sufficiently avoids harm that may result from disclosure of discovery-produced documents.

---

[19] *Id.* at 37.

[20] *Reed v. Bennett*, 913 F.R.D. 689, 691 (D. Kan. 2000) (citing *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996)).

[21] *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1122 (3rd Cir. 1986).

## II. ATTORNEY'S-EYES-ONLY PROTECTION IS NOT APPROPRIATE IN THIS CASE

Should a protective order authorize attorney's-eyes-only protection for the sole reason that one party does not trust an opposing party? Attorney's-eyes-only protection is usually employed to protect against business harm that would result from disclosure of sensitive documents to a competitor. By contrast, in this case Defendants claim Plaintiff should be barred from access to information because of alleged untrustworthy pre-litigation conduct:

> (1) Plaintiff improperly removed highly confidential and sensitive personnel documents from the city premises and took them to his home;
> (2) Plaintiff then shared and discussed those confidential documents with various third parties, including attorneys and the media;
> (3) Plaintiff improperly retained a copy of those documents for his own personal use, despite his assurance to the Ogden City Attorney that no copies had been made;
> (4) Defendants also suspect that Plaintiff improperly used other confidential and sensitive personnel documents to further his own personal purposes in violation of city policy and applicable law; and
> (5) Plaintiff's termination was based in part upon his improper use of confidential and sensitive information.[22]

All these alleged events occurred before the suit was filed and without direct or clear requirement from the court that information be used only for purposes of this action. A protective order would impose such a requirement for information designated confidential.

Defendants' request to keep information from Plaintiff implicates Plaintiff's due process rights to have a full and fair opportunity to litigate. A party may be bound by litigation only if the party has had a "full and fair opportunity" to litigate the claim or issue.[23] A "full and fair opportunity" to litigate includes an "opportunity to be heard."[24] An "opportunity to be heard" includes "a chance to present [] evidence and arguments on the claim."[25] Restrictions on a

---

[22] Supporting Memorandum at 2.

[23] *See* Kremer v. Chemical Const. Corp., 456 U.S. 461, 480-81 (1982) (citations omitted).

[24] Hansberry v. Lee, 311 U.S. 32, 40 (1940) (citing Western *Life Indemnity Co. v. Rupp*, 235 U.S. 261, 273 (1914)).

[25] Blonder-Tongue Laboratories, Inc. v. Univ. of Ill. Foundation, 402 U.S. 313, 329 (1971).

litigant's access to information that may constitute or lead to evidence and arguments may severely hamper the litigant's participation.  "[T]o deny plaintiff the right to . . . assist in its [own] litigation . . . could well border on a denial of due process."[26]  To make these due process rights a reality, Mr. Martinez needs access to all the information which will be used in the decision of his claims.

Mr. Martinez will suffer serious sanctions if he violates the protective order.  Fed. R. Civ. P. 37(b) lists some of the severe consequences that may apply to any breach of the obligation to protect information designated as confidential:  conceding contested facts; prohibiting designated claims, defenses, or evidence; striking pleadings in whole or in part; dismissing the action or proceeding in part; rendering a default judgment against the disobedient party; attorney fees; and treatment of disobedience as contempt of court.[27]  The sanctions, coupled with the clear imposition of obligations under the protective order, will be sufficient to protect against improper use of information designated confidential, so there is no need to absolutely prohibit Mr. Martinez's access to information.

## ORDER

IT IS HEREBY ORDERED that the motion for protective order[28] is GRANTED.  The protective order is entered concurrently.

February 17, 2009.

_____
David Nuffer
United States Magistrate Judge

---

[26] *Standard Space Platforms Corp. v. U.S.*, 35 Fed. Cl. 505, 509 (1996).

[27] *See* Fed. R. Civ. P. 37(b).

[28] Defendants' Motion for Protective Order (Motion), docket no. 8, filed Nov. 25, 2008.